JOSEPH R. LAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lam v. Commissioner
Docket No. 2448-85.
United States Tax Court
T.C. Memo 1988-7; 1988 Tax Ct. Memo LEXIS 7; 54 T.C.M. (CCH) 1477; T.C.M. (RIA) 88007; January 6, 1988. Joseph R. Lam, pro se. Barbara E. Horan, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION
*8 JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
1981
$  1,360
$   --- ---
$  --- 1982
12,760
638.00
*
1,276
In addition, respondent seeks the award of damages pursuant to section 6673. The issues for consideration are: (1) whether petitioner is entitled to itemized deductions as claimed for 1981; (2) whether petitioner is entitled to a wage deduction equal in amount to the wage income reported for 1982; (3) whether petitioner is liable for additions to tax under sections 6653(a) and 6661; and (4) whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Petitioner resided in Evanston, Wyoming, at the time he filed the petition herein. During the years in issue, however, *9 he was a resident of Elkton, Virginia. In 1981, petitioner received $ 10,692 in wages from Riddleberger Brothers, Inc. (Riddleberger), all of which was duly reported on his 1981 income tax return. On his 1981 return, he claimed the following itemized deductions: Item
Amount
Medical
$   803
Taxes
550
Interest
4,295
Contributions
1,123
Miscellaneous
1,667
Total
$ 8,438
Less: Zero
bracket amount
1,700
Amount claimed and
at issue
$ 6,738
On his 1982 Federal income tax return, petitioner reported wages in the amount of $ 38,952. [2] Petitioner filed a Schedule C with his 1982 return claiming that his main business was "compensation for services" and that in connection with this "business" he incurred a $ 38,952 loss resulting from "wage" expenses. Respondent disallowed the itemized deductions claimed by petitioner on his 1981 tax return for lack of substantiation, and he disallowed a deduction for "wage" expense claimed on petitioner's 1982 tax *10 return for failure to establish that such wages were actually paid or incurred. Respondent also determined additions to tax for 1982 under sections 6653(a)(1) and (a)(2), pertaining to negligent or intentional disregard of tax rules and regulations resulting in an underpayment of tax, and section 6661, pertaining to a substantial understatement of income tax. Further, respondent seeks damages to be awarded to the United States under section 6673. OPINION The first issue for decision is whether petition is entitled to the itemized deductions claimed for 1981. He bears the burden of proof in this regard. ; Rule 142(a). On his 1981 return, petitioner claimed excess itemized deductions totalling $ 6,738. He failed to provide any substantiation for these deductions. Since petitioner has not met his burden of proof, we sustain respondent's determination with respect to this issue. The next issue for consideration is whether petitioner is entitled to a deduction in 1982 for "wage" expenses. Again, petitioner bears the burden of proof. ; Rule 142(a). Petitioner *11 reported $ 38,952 on his 1982 income tax return as wages from employment. He then claimed a deduction on Schedule C for a like amount as an expense for "wages." In essence, petitioner claims that wages do not constitute income. We have consistently rejected this argument in the past and again do so here. ; . Thus, we sustain respondent's determination with regard to this issue. We now turn to the additions to tax as determined by respondent for 1982. Respondent determined additions to tax under sections 6653(a) and 6661. Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of tax rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the amount of the interest payable on that portion of the underpayment of tax resulting from negligence or intentional disregard of tax rules and regulations. Petitioner bears the burden of proving that his underpayment of tax was not due *12 to negligence or intentional disregard of such rules and regulations. . He presented no evidence to dispute respondent's determination in this regard; accordingly, respondent's determinations with respect to the additions to tax under sections 6653(a)(1) and (a)(2) are sustained. Section 6661(a) imposes an addition to tax if there is a "substantial understatement of income tax for any taxable year." A substantial understatement of income tax exists if the amount of the understatement exceeds 10 percent of the amount of tax required to be shown on the return or $ 5,000, whichever is greater. Section 6661(b)(1). This addition to tax is applicable to returns the due date for filing of which, regardless of extensions, is after December 31, 1982. Petitioner presented no evidence to dispute respondent's determination with regard to the addition to tax under section 6661. We, therefore, sustain respondent's determination in this regard. [3]
*13 Finally, respondent seeks damages of $ 5,000 to be awarded to the United States on the grounds that petitioner maintained this proceeding primarily for purposes of delay or that his position is frivolous or groundless. Section 6673 provides that damages may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the primarily taxpayer for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." Petitioner filed an income tax return for 1982 putting forth the position that wages do not constitute income. He presented protestor-type arguments throughout his dealings with respondent and during the pendency of this litigation. He was given ample opportunity to present evidence to refute respondent's determinations; he failed to do so. Petitioner's course of conduct convinces us that he instituted this proceeding primarily for the purposes of delay. Moreover, his position in this case is frivolous and groundless. Therefore, we award damages to the United States pursuant to section 6673 in the amount of $ 5,000. To reflect the foregoing, Decision will be entered for respondent. *14 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. To be based on an underpayment of $ 12,760. ↩
2. Petitioner received wages in 1982 from Riddleberger in the amount of $ 2,659.50, and wages from Daniel International Corporation in the amount of $ 36,292, for a rounded total of $ 38,952. ↩
3. As of the date the notice of deficiency was issued, the amount of the addition to tax under section 6661(a) was 10 percent of the amount of the underpayment attributable to the substantial understatement. Section 6661(a) has twice been amended since that date. The amount of such addition to tax was increased to 20 percent of the amount of such underpayment by the Tax Reform Act of 1986, Pub.L. 99-514, section 1504(a), 100 Stat. 2085, 2743, and then to 25 percent of such underpayment by The Omnibus Reconciliation Act of 1986, Pub.L. 99-509, section 8002(a), 100 Stat. 1874, 1951. Respondent did not seek to increase the section 6661(a) addition to tax above the amount set forth in his notice of deficiency. We express no opinion as to whether respondent would prevail if he had sought such an increase. ↩